UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID J. ORTIZ,                              )
                                             )
         Plaintiff,                          )
                                             )   11 C 9228
         v.                                  )
                                             )   Judge George M. Marovich
BOARD OF EDUCATION OF                        )
CITY OF CHICAGO,                             )
                                             )
         Defendant.                          )

# MEMORANDUM OPINION AND ORDER

Plaintiff David J. Ortiz ("Ortiz") was discharged from his job at a public school, because he reported to work under the influence of alcohol. He brings this suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. and claims that defendant Board of Education of the City of Chicago (the "Board") failed to provide a reasonable accommodation. Defendant has filed a motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion for summary judgment.

**I.     Background**

The following facts are undisputed unless otherwise noted.[1]

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. This Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth admissible evidence of her or its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment

Ortiz began working for the Board in 1993. During that time, Ortiz served as a Parent Advocate at Sawyer Elementary School, where he was responsible for monitoring students and for helping students and their parents "access tools that would help students with their studies." In addition, Ortiz sponsored two clubs at the school.

Ortiz has been diagnosed with recurrent major depressive disorder. For many years, this did not affect his employment. Ortiz was, by all accounts, a satisfactory employee for at least sixteen years. His performance may have been aided by prescription drugs: Ortiz was taking medication for depression in 1999, as evidenced by copies of his 1999 prescriptions in his personnel file. Ortiz testified that he recovered from his earlier bouts with depression and did not seek treatment again until 2009. He did not tell his employer about his depression, because he did not want people at work to know.

In March 2010, Ortiz was depressed. On March 8, 2010, Ortiz told a work colleague, Tom O'Connell ("O'Connell"), that he was feeling suicidal and "didn't want to go on." O'Connell went to the Principal, Nelly Robles ("Principal Robles"), and told her that he was worried about Ortiz's health and that he wanted to take Ortiz to the hospital. Principal Robles agreed to allow O'Connell to take Ortiz to the hospital. O'Connell, believing Ortiz's problem was personal, never told Principal Robles why Ortiz needed to go to the hospital.

Although the details are not clear from the record, it is undisputed that Ortiz was hospitalized at Christ Hospital for some period of time. Upon his release, he attempted suicide, at which point he was readmitted for about two additional weeks. Ortiz was finally released on

---

purposes are not considered by the Court. The Court enforces Local Rule 56.1 with respect to both parties regardless of whether either party moves to strike non-complying portions, because the purpose of the rule is to make *the Court's* job manageable, not to give litigants additional ammunition to use against one another.

Monday, March 29, 2010, with prescriptions for Abilify, buPROPion, lithium and Zoloft. Ortiz felt overwhelmed, was unable to think straight and was not himself.

In the meantime, Ortiz missed work from March 9, 2010 through April 1, 2010. (April 2, Good Friday, was not a work day.) A clerk at the school told Principal Robles that Ortiz had been using "A days and PB days" (which is to say paid time off) for the absences. While he was out, Ortiz never asked for an accommodation or for FMLA leave. Ortiz never asked for additional time off.

For reasons he cannot recall, Ortiz believed he was to report to work on Monday, April 5, 2010. Principal Robles testified that Ortiz had phoned her and told her that he was ready to return, but Ortiz does not remember that. It is undisputed, however, that neither Principal Robles nor anyone from Employee Services ever told Ortiz he had to return on April 5.

Ortiz reported to work on April 5, 2010, carrying one empty and three full cans of "Mike's Hard Lemonade" (an alcoholic beverage), along with raw meat. Principal Robles saw Ortiz stumble and wobble down the hall. When she got closer, Principal Robles smelled alcohol on Ortiz's breath. Principal Robles called in a specialist (from the company the Board uses to administer employee drug tests) to conduct a breath alcohol test on Ortiz. Ortiz had a blood alcohol level of .198. Fifteen minutes later, the level was .203.

Possessing alcohol at school and being under its influence violated at least five sections of the Board's Employee Discipline and Due Process Policy (the "Policy"). On April 5, 2010, the Board informed Ortiz that he was excused from work with pay and prohibited from returning until he received further notice. After a pre-suspension hearing in late April, Ortiz was suspended without pay, effective May 11, 2010. After a dismissal hearing in July 2010, the Board terminated Ortiz's employment.

## II. Summary Judgment Standard

Summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

In his second-amended complaint, Ortiz claims that the Board violated the ADA by failing to provide a reasonable accommodation. The Americans with Disabilities Act makes it unlawful to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Included in the definition of discrimination under the ADA is "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(5)(A). In order to prevail on his failure to accommodate claim, a plaintiff must establish that: (1) he is a qualified

individual with a disability; (2) the employer was aware of his disability; and (3) the employer failed to provide a reasonable accommodation. *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1176 (7th Cir. 2013); *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). The ADA defines a "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of the job are essential." 42 U.S.C. § 12111(8). With respect to the third element, the ADA requires the individual and the employer to engage in an interactive process to determine a reasonable accommodation, and the employer is liable under the ADA only if it is responsible for the breakdown in the interactive process. *Sears, Roebuck*, 417 F.3d at 797.

Defendant does not dispute that Ortiz has a disability but argues that he is not a *qualified* individual with a disability (and, hence, is not entitled to a reasonable accommodation). Defendant argues that Ortiz's violation of Board rules (namely his reporting to work in possession and under the influence of alcohol) renders him unqualified. The Court agrees. *Budde v. Kane County Forest Preserve*, 597 F.3d 860, 862-63 (7th Cir. 2010) ("We agree with the district court that in choosing to drive while intoxicated and causing a crash that sent two people to the hospital, he failed to comply with the workplace rules, and [plaintiff] was no longer qualified to perform his job as police chief."). A "violation of a workplace rule, even if caused by a disability, is no defense to discipline up to and including termination." *Budde*, 597 F.3d at 862. It is undisputed that Ortiz reported to work under the influence of alcohol and in possession of alcohol. Accordingly, he is not a qualified individual with a disability.

-5-

Ortiz does not deny that he reported to work under the influence and in possession of alcohol. Instead, Ortiz argues that he never would have reported to work drunk if the Board had provided him a reasonable accommodation. The accommodation Ortiz says he should have been given is for the Board to have "requir[ed] confirmation that [Ortiz's] drug regimen [was] stabilized again before he returned to work." (Plaintiff's Brief at 9). This, however, is not a *reasonable* accommodation. Essentially, what Ortiz wanted as an accommodation was the right not to return to work until his drug regimen was stabilized but without having provided his employer any information about how long that might be. In other words, Ortiz wanted a leave of absence for an indefinite period of time. A leave of absence for an indefinite period of time is not a reasonable accommodation. *Nowak v. St. Rita High School*, 142 F.3d 999, 1004 (7th Cir. 1998). A proposed accommodation of "not working for an extended time . . . as far as ADA is concerned confesses that [one was] not a 'qualified individual'" under the ADA. *Byrne v. Avon Products, Inc.*, 328 F.3d 379, 381(7th Cir. 2003). So, this argument does not help Ortiz establish that he was a qualified individual with a disability.

Ortiz has failed to put forth sufficient evidence from which a reasonable jury could conclude that he was a qualified individual with a disability. Accordingly, defendant is entitled to judgment as a matter of law.

Furthermore, Ortiz seems to have lost sight of the fact that the Board actually gave him a reasonable accommodation: a month off from work. It is undisputed that the Board did not order him to return to work. It is also undisputed that he never asked for more time off or for any type of additional accommodation. Prior to his return, Ortiz had given the Board no reason to suspect that he needed any further accommodation. Thus, even if Ortiz could have established

that he was a qualified individual, he still did not produce sufficient evidence from which a reasonable jury could find defendant liable for failing to provide a reasonable accommodation.

The Court grants defendant's motion for summary judgment.

## IV. **Conclusion**

For the reasons set forth above, the Court grants defendant's motion for summary judgment. Case closed.

The Court thanks plaintiff's appointed attorneys for their service on this case.

       ENTER:

       _____
       George M. Marovich
       United States District Judge

DATED: July 14, 2014